# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2020 MAY 21 A 9:50
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SHATIKA GOSHA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: |
| GNNN, LLC and NORMAN GRUBBS | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** Plaintiff Shatika Gosha (hereinafter "Gosha" or "Plaintiff") by his undersigned attorney, David A. Hughes, and brings this action against GNNN, LLC (hereinafter "GNNN") and Norman Grubbs (hereinafter "Grubbs") for damages and other legal and equitable relief for the Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA") and other laws. In support thereof, the Plaintiff states the following:

## JURISDICTION AND VENUE

1.  This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants are subject to personal jurisdiction in the Middle District of Alabama.

3. At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all relevant times herein, the Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendants engaged and continue to engage in commerce by handing, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

## PARTIES

5. Plaintiff Gosha is currently a resident of Brundidge, Alabama, and performed work for the Defendants in Montgomery County, which is in the Middle District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

6. GNNN, LLC operates a tax preparation business located at 5874 Bridle Path Lane Montgomery, AL 36116 and has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

7. Defendant Norman Grubbs is, upon information and belief, a resident of Alabama and is an adult over the age of twenty-one (21).

8. Defendant Grubbs is, upon information and belief, the owner and an officer of GNNN, LLC. At all times relevant to the claims made the basis of this suit, Defendant Grubbs was acting in his capacity as owner and officer and had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff. Defendant Grubbs personally had the power to hire and fire the Plaintiff, personally supervised and controlled the Plaintiff's work schedules and conditions of her employment, personally determined the rate and method of payment to the Plaintiff as well as the Defendants' pay policies, and personally had involvement in and, to the extent that they were and are maintained, maintained the pay and employment records of the Plaintiff.

9. At all times material to this action, the Defendants have been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

10. GNNN, LLC is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

11. GNNN LLC's annual gross volume of business exceeds $500,000.

12. At all times relevant to this action, each Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

13. Defendants GNNN, LLC and Norman Grubbs are sometimes referred to in this Complaint collectively as the "Defendants," which is meant to refer to and include all named defendants.

## STATEMENT OF FACTS

14. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

15. The Plaintiff worked for the Defendants as a tax preparer from on or about December 10, 2019 through March 6, 2020. Tax returns and forms prepared by the Plaintiff for the Defendants' customers during that time were electronically filed with the IRS.

16. In doing so, Plaintiff rendered tax preparation services for entities and persons who were involved in interstate commerce, and prepared reports and tax forms for direct or direct interstate transmission.

17. The Plaintiff's work for the Defendants was such that it engaged in commerce or in the production of goods for commerce and invoked individual coverage under the FLSA.

18. The Plaintiff provided work and services for the Defendants at the Defendants' office, on a schedule determined by the Defendants. The Defendants put in writing that if the Plaintiff had "poor attendance", it would result in termination.

19. The Defendants required, in writing, the Plaintiff to "adhere to all company policies, procedures, and scheduling" and that "failure to do so will result in termination."

20. The Defendants required, in writing, that "GNNC, LLC employs you to loyally render exclusive and full time services as a commission base employee for the company."

21. When the Defendants believed that the Plaintiff performed "unauthorized preparation of tax returns outside company software and failed to comply with company procedures and rules", the Defendants terminated the Plaintiff's services, and severely docked her compensation.

22. The Defendants paid the Plaintiff on a "commission only" basis that resulted in the Plaintiff receiving $850 total for her employment, which lasted from December 10, 2019 through March 6, 2020.

23. The Plaintiff worked, during December of 2019, 40 hours a week, and in January, February and March of 2020, 44 hours a week.

24. As such, Plaintiff's commissions/compensation did not meet or exceed even minimum wage, and certainly never reached the required thresholds for any exempt status under the FLSA.

25. Thus, Plaintiff was, at all times, a non-exempt employee per the FLSA.

26. The Defendants did not pay minimum wage for the Plaintiff at all for the hours that she worked, much less the legal and mandated premium overtime rate for those hours that she worked over 40 in a workweek.

27. These violations are known to the Defendants, including Defendant Grubbs, and were willful in nature.

28. As a result of the Defendants' practices, the Plaintiff worked every workweek without receiving legally required minimum wage and overtime.

## COUNT ONE
**FLSA Violations**

29. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

30. The Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff the required minimum wage for all of her hours worked.

31. The Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff at one-and-one-half the regular minimum wage hourly rate per hour for hours that she worked in excess of forty hours per week during the Plaintiffs' employment as described in this Complaint.

32. The Defendant's failure to pay the Plaintiff minimum wage and overtime pay is impermissible under the FLSA.

33. The Defendants have failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

34. The Defendants' willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

35. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

36. None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee. Accordingly, the Plaintiff must be paid in accordance with the FLSA.

37. The Defendants' failure to accurately pay overtime was, and is, willfully perpetrated. The Defendants have not acted in good faith nor with

reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, attorneys' fees, and expenses incurred.

39. As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendants from the Plaintiff for which the Defendants are liable pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
### Common Law Unjust Enrichment

40. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

41. The Defendants have received and benefited from the uncompensated labors of the Plaintiff, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

42. At all relevant times hereto, the Defendants devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work

from the Plaintiff without paying any compensation for some hours worked or overtime compensation for all hours worked.

43. Contrary to all good faith and fair dealing, the Defendants induced the Plaintiff to perform work during the day while failing to pay any compensation for some hours worked or overtime compensation for all hours worked.

44. By reason of having secured the work and efforts of the Plaintiff without paying the appropriate compensation and overtime compensation, the Defendants enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit and to the detriment of the Plaintiff. The Defendants retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

45. Accordingly, the Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A. That the Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award the Plaintiff the amount of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C.    That this Court award the Plaintiff judgment against the Defendants for all reasonable attorneys' fees, costs, disbursements, and interest;

D.    For such other and further relief as this Court deems equitable, proper and just.

Dated this 19th day of May, 2020.

Respectfully,

/s/ David A. Hughes

David A. Hughes (ASB 3923-U82D)
*Attorney for Plaintiff*
Hardin & Hughes, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

### **DEFENDANTS' ADDRESSES**

**GNNN, LLC**
c/o Norman Grubbs (Registered Agent)
5874 Bridle Path Lane
Montgomery, Alabama 36116

**Norman Grubbs**
5874 Bridle Path Lane
Montgomery, Alabama 36116